## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **MORTON GROVE POST #134 OF THE AMERICAN LEGION, an Illinois Not-for-Profit Corporation,** )<br>)<br>)<br>) | |
| **Plaintiff,** ) | |
| ) | **21 CV 00910** |
| **v.** ) | |
| ) | **Honorable John F. Kness** |
| **VILLAGE OF MORTON GROVE, ILLINOIS,** )<br>**a home rule Municipal Corporation,** ) | **Judge Presiding** |
| ) | **JURY TRIAL DEMANDED** |

### JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

## I.    Nature of the Case

### A.    Counsel:

1.    Plaintiff:

Gregory A. Bedell, (#6189762) LEAD
KNABE & BEDELL
33 North Dearborn Street
10th Floor
Chicago, IL 60602
312.977.9119
gbedell@kkbchicago.com

David G. Sigale (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
430 West Roosevelt Road
Wheaton, IL 60137
630.452.4547
dsigale@sigalelaw.com

2.      Defendant:

Timothy V. Hoffman LEAD
Stephen M. Cady
SANCHEZ DANIELS & HOFFMAN LLP
333 West Wacker Drive, Suite 500
Chicago, Illinois 60606
(312) 641-1555
thoffman@sanchezdh.com
scady@sanchezdh.com

**B.      Basis of Federal Jurisdiction:**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331,

1343, 2201, 2202 and 42 U.S.C. § 1983.  This Court also has supplemental jurisdiction over

claims alleged under state law pursuant to 28 U.S.C.§1367 as the state law claims are so related

to claims in the action within the Court's original jurisdiction that they form part of the same

case or controversy, which Defendant denies. (*See* Defendant's Motion to Dismiss the Amended

Complaint, ECF No. 16)

**C.      Overview:**

Plaintiff, an American Legion Post, operated a shooting range for many years

at its Post headquarters, which, at the time this dispute arose, was owned by the

Village of Morton Grove (the "Village"). In or around April 2012, the gun range was

closed by the defendant Village after an inspection by its insurer, as the Village

believed that the range was not in compliance with all relevant safety codes and

standards pursuant to the sales contract entered into between the parties on or

about February 22, 2000 ("Purchase Agreement"). The Plaintiff engaged expert

consultants to assist it in developing  proposals that it believed were in conformity

with  applicable  regulations  and  standards;  the  Defendant  likewise  engaged

2

consultants who stated that the gun range was not in conformity with applicable regulations and standards and offered proposals for how the gun range could be brought into compliance. The Plaintiff prepared and submitted an application for a building permit that the Defendant found did not meet the applicable safety requirements. The Defendant also stated the Plaintiff was required to obtain a special-use permit necessary to re-open the gun range under the Village of Morton Grove's zoning code. The Plaintiff contends the use as a gun range never ceased during attempts at renovation and that such a special-use permit was not necessary. This suit followed.

**D.    The claims asserted in the complaint:**

The Plaintiff asserts violations of the First and Second Amendment to the United States Constitution. The bases for the claims arise from what the Plaintiff alleges were pretextual and unsustainable objections to the Plaintiff's proposed renovations that forced the closure of the shooting range.

The Plaintiff also claims the Defendant breached the lease agreement between the parties covering the leasehold, which includes the area for the shooting range.

Defendant contends that all of Plaintiff's claims are preempted by the terms of Purchase Agreement, which explicitly required Plaintiff to follow a contractually agreed-upon dispute resolution procedure before filing this lawsuit. Defendant argues that Plaintiff did not follow that procedure before filing this lawsuit.

Defendant also contends that the Legion has failed to allege any facts or allegations which would permit the Court to reasonably infer that the Village's presumptively valid decision to close the Gun Range until it was operational per the terms of the Purchase Agreement between the parties abridged the Legion's Second or First Amendment Rights. Also, Defendant states that Plaintiff's constitutional claims are nothing more than a contractual dispute and that those claims fail to establish any premeditated "pretext" to intentionally effectuate the permanent closure of the gun range in violation of the Plaintiff's First and Second Amendment rights.

**E. Principal factual issues:**

***Plaintiff's principal factual issues***

1.      Did the Plaintiff's renovation proposal, set forth in its application to the Defendant for a building permit, satisfy applicable laws and standards?

2.      Were the Defendant's objections justified by applicable law and standards or were they pretextual and raised to prevent the operation of the shooting range?

***Defendant's principal factual issues***

1.      Did Plaintiff submit the underlying dispute at issue in this matter to the Coordinating Committee, pursuant to the terms of the Purchase Agreement, before filing this lawsuit?

2.      Did the Plaintiff's renovation proposals for the gun range satisfy the safety requirements established by the relevant codes as prescribed by the Purchase Agreement between the parties?

3.      Did the Plaintiff attempt to obtain a special-use permit in order to re-open the gun range, after the gun range had not been in use for almost 5 years, as required by the Village of Morton Grove's zoning code?

4.      Were Defendant's requirements that the gun range meet all applicable codes valid per the terms of the Purchase Agreement, as opposed to these requirements being a mere "pretext" to intentionally effectuate the permanent closure of the gun range, in violation of the First and Second Amendments as Plaintiff contends?

**F.      Principal legal issues:**

***Plaintiff's principal legal issues***

1.      What are the laws and standards applicable to the construction and operation, particularly the ventilation system, of a private indoor shooting range?

2.      Did the Defendant's refusal to grant a building permit for the proposed renovations violate the First and Second Amendments to the United States Constitution?

3.      Did the Village breach the lease between the parties that grants the Plaintiff the right to operate its shooting range on the Plaintiff's leasehold premises?

5

### *Defendant's principal legal issues*

1.      Were the Purchase Agreement's safety requirements for the operation of Plaintiff's indoor gun range, and the Village's requirement that those terms be complied with, presumptively valid?

2.      Can a plaintiff establish First or Second Amendment violations based upon what is basically a construction dispute over whether the applicable, contractual building and safety codes for the operation of a gun range have been complied with?

3.      Can Plaintiff bring these claims against Defendant if Plaintiff did not comply with the alternative dispute resolution provisions of the Purchase Agreement?

**G.      Requested Relief:**

1. Plaintiff's seeks preliminary and permanent injunctive relief that would prevent the Defendant from denying the Plaintiff a building permit and interfering with the Plaintiff's ability to re-open its shooting range.

2. Plaintiff also seeks monetary damages for breach of the lease agreement between the parties.

3. Defendant seeks to have Plaintiff's Amended Complaint dismissed for the reasons discussed in its Motion to Dismiss. (*See* Motion to Dismiss, ECF No. 16).

**H.      Status of Service:**

All defendants have been served and have appeared.

II.     **Discovery**

      A.     **Propose a discovery schedule.**

| Event | Deadline |
|---|---|
| Amendment to the pleadings | **Motion to Dismiss pending** |
| Service of process on any "John Does" | **Not applicable** |
| Completion of Fact Discovery | **May 31, 2022** |
| Disclosure of Plaintiff's Expert Report(s) | **June 30, 2022** |
| Deposition of Plaintiff's Expert | **July 31, 2022** |
| Disclosure of Defendant's Expert Report(s) | **August 31, 2022** |
| Deposition of Defendant's Expert | **September 30, 2022** |
| Dispositive Motions | **October 31, 2022** |

      B.     How many depositions do the parties expect to take? **Six per side.**

      C.     Do the parties foresee any special issues during discovery?  **No.**

      D.     Counsel for the parties conferred and developed the above discovery plan.  Counsel discussed the topics set forth in Rule 26(f)(3) and, at this time, counsel do not see any additional proposals are necessary.

III.    **Trial**

      A.     Have any of the parties demanded a jury trial? **Yes.**

      B.     Estimate the length of trial.  **5 days**

V.     **Settlement, Referrals, and Consent**

      A.     There are no pending settlement discussions.

B.     The parties do not request a settlement conference at this time before this Court or the Magistrate Judge. It is possible the parties will seek the Court's assistance in the future.

C.     Counsel has informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge. The parties do not unanimously consent to that procedure.

**IV.   <u>Other</u>**

There are no other matters that either party wishes to bring to the Court's attention at this time, other than those issues before the Court concerning Defendant's Motion to Dismiss.

Dated: November 2, 2021                              Respectfully submitted,

Attorneys for Plaintiff                              Attorneys for Defendant
Morton Grove Post #134 of the                        Village of Morton Grove, Illinois
American Legion

/s/ Gregory A. Bedell                                /s/ Timothy V. Hoffman
Gregory A. Bedell LEAD                               Timothy V. Hoffman LEAD
Knabe & Bedell                                       Stephen M. Cady
33 North Dearborn Street                             SANCHEZ DANIELS & HOFFMAN LLP
10th Floor                                           333 West Wacker Drive, Suite 500
Chicago, Illinois 60602                              Chicago, Illinois 60606
312.977.9119                                         (312) 641-1555
gbedell@kkbchicago.com                               thoffman@sanchezdh.com
                                                     scady@sanchezdh.com
/s/ David G. Sigale
David G. Sigale
Law Firm of David G. Sigale, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
630.452.4547/630.596.4445
dsigale@sigalelaw.com